```
                                                              FILED
                                                         U.S. DIST. COURT
                                                         BRUNSWICK DIV.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2005 NOV 28 A 11: 28

CLERK _J. LaVictoire_
S.C. DIST. OF GA.

JERRY JEROME ANDERSON,

    Plaintiff,

v.

J. D. LAMER, Warden; Dr. CHARLES
W. BROWN; Dr. SURENDRA RISHI;
Dr. SYLVIA R. PETTERSON, and
Dr. SAMIR M. SULAYMAN,

    Defendants.

CIVIL ACTION NO. CV205-205

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution in Estill, South Carolina, has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), contesting certain conditions of his confinement while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs while he was incarcerated at FCI Jesup. Specifically, Plaintiff contends that Defendants Brown, Rishi, Petterson, and Sulayman discovered "hard objects" in his knee during examinations in 1992 and 1999 but did not remove these objects. Plaintiff asserts that he continued to experience pain as a result of having these hard objects in his knee.

State law determines the statute of limitation applicable to a claim filed pursuant to

AO 72A
(Rev. 8/82)

Bivens. See Harding v. Staub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L. Ed.2d 582 (1989). As the events about which Plaintiff complains occurred in the State of Georgia, Georgia law provides the applicable statute of limitation. According to O.C.G.A. § 9-3-33, the statute of limitation in Georgia for this type of action is two years. Plaintiff did not file his Complaint until 2005, and his Complaint sets forth events which allegedly occurred in 19992 and 1999. Plaintiff's Complaint was filed well outside of the two year statute of limitation period.

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens and 28 U.S.C. § 1915A. Therefore, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 28th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)